# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF WOLINSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>MAURICE JUNIOUS, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:10-CV-02139-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(DOC. 19)<br><br>OBJECTIONS DUE WITHIN EIGHTEEN (18) DAYS |

**Findings And Recommendations**

**I.    Background**

Plaintiff Kryzystof Wolinski ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on November 9, 2010, in the Sacramento Division of Eastern District of California. Doc. 1. The case was transferred to the Fresno Division on November 16, 2010. On May 11, 2011, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to amend. Doc. 16. On May 24, 2011, Plaintiff filed his amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary Of Amended Complaint

Plaintiff is currently incarcerated at High Desert State Prison ("HDSP") in Susanville, California. Plaintiff's amended complaint has removed all mention of allegations against any Defendants at North Kern State Prison ("NKSP") or California State Prison - Sacramento ("CSP-Sac"), which were previously alleged in Plaintiff's original complaint. In his amended complaint, Plaintiff names only prison officials at HDSP as Defendants. Plaintiff complains of inadequate medical care and retaliatory destruction of his property at HDSP, all of which occurred from December 20, 2010 to April 8, 2011.

## III.  Analysis

### A.  Supplemental Pleadings

Plaintiff's pleadings may be classified as supplemental pleadings, as it concerns events that occurred after the original pleading. "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In order to supplement his pleadings, Plaintiff is required to show some

relationship between the newly alleged matters and the subject of the original action. *Keith v. Volpe*, 858 F.3d 467, 474 (9th Cir. 1988).

Plaintiff's original pleadings concerned actions at NKSP or CSP-Sac. Plaintiff's amended complaint concerns events exclusively at HDSP. The alleged incidents at HDSP occurred at different times and involved different Defendants than the incidents at NKSP or CSP-Sac. The Court finds Plaintiff's supplemental pleadings unrelated to his original pleadings. Because Plaintiff's supplemental pleadings are in violation of Rule 15(d) of the Federal Rules of Civil Procedure, Plaintiff is not permitted to proceed with these claims in this action. Plaintiff's claims against HDSP Defendants should be dismissed without prejudice.

### B. Failure To Obey Court Order

In the May 11, 2011 Order, the Court ordered Plaintiff to amend his complaint, curing the deficiencies identified in his complaint. In his amended complaint, Plaintiff completely removed all of his claims against any Defendants listed in his original complaint. Though leave to amend was granted, it was limited to curing the deficiencies identified by the Court in Plaintiff's original complaint. Because Plaintiff no longer states any claims against any Defendants at NKSP, or CSP-Sac, the Court finds that this action should be dismissed for failure to obey a court order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*. *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal

for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The court's May 11, 2011 Order expressly stated: "If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim."  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

**IV.     Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Plaintiff's amended complaint, filed May 24, 2011, should be DISMISSED without prejudice to filing in a separate, new action; and

2.      This action be DISMISSED with prejudice for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **eighteen**

**(18) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 23, 2011**                    /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE