# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF WOLINSKI,<br><br>            Plaintiff,<br><br>   v.<br><br>MAURICE JUNIOUS, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:10-CV-02139-AWI-DLB PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(DOC. 30)<br><br>ORDER GRANTING PLAINTIFF SIXTY DAYS TO FILE SECOND AMENDED COMPLAINT |

      Plaintiff Krzysztof Wolinski ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 9, 2010, Plaintiff filed his complaint in the Sacramento Division of the Eastern District of California. The action was transferred to the Fresno Division on November 16, 2010. On May 11, 2011, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim with leave to amend. On May 24, 2011, Plaintiff filed his first amended complaint.

      Plaintiff is currently incarcerated at High Desert State Prison ("HDSP") in Susanville, California. Plaintiff's amended complaint removed all mention of allegations against any Defendants at North Kern State Prison ("NKSP") or California State Prison - Sacramento ("CSP-Sac"), which were previously alleged in Plaintiff's original complaint. In his amended complaint, Plaintiff names only prison officials at HDSP as Defendants. Plaintiff had been granted leave to amend only to cure the deficiencies identified in his original complaint. Plaintiff's removal of all his previous allegations against NKSP defendants did not comply with

the Court's order.  On August 23, 2011, the Court issued a Findings and Recommendations recommending dismissal of the action without prejudice for failure to obey a court order.

Pending before the Court is Plaintiff's objection, filed September 16, 2011.  Doc. 32. Plaintiff's objections are a request for extension of time to file an amended complaint. Plaintiff contends that his legal property was removed and he needs additional time to cure the deficiencies in his complaint.

Good cause having been presented, the Court will grant Plaintiff's request.  However, the Court warns Plaintiff of the following.  Plaintiff's original complaint concerned actions at NKSP and CSP-Sac.  The events at each prison were unrelated and belonged in different, separate actions.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").  If Plaintiff intends on alleging only claims against HDSP Defendants, then the Court will dismiss the action for failure to obey a court order, without prejudice to Plaintiff filing a separate, new action.  Plaintiff was granted leave to amend to cure the deficiencies identified in his **original complaint**.  Claims against HDSP would appear to be unrelated to claims arising at NKSP or CSP-Sac.[1]  The Court greatly disfavors any further extensions of time.

Based on the foregoing, it is HEREBY ORDERED that

1. The Findings and Recommendations, filed August 23, 2011, are VACATED;
2. Plaintiff is GRANTED sixty days from the date of service of this order in which to file his second amended complaint; and
3. Failure to comply with the Court's order stated herein will result in dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   October 3, 2011          /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] The Fresno Division is the proper venue for claims arising at NKSP.  The Sacramento Division is the proper venue for claims arising at CSP-Sac or HDSP.