# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF WOLINSKI,<br><br>   Plaintiff,<br><br>   v.<br><br>MAURICE JUNIOUS, et al.,<br><br>   Defendants.<br>_____ / | CASE NO. 1:10-CV-02139-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(DOC. 35)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Krzysztof Wolinski ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for an order directing the warden of High Desert State Prison (HDSP) to provide Plaintiff with access to the law library. Doc. 35. The Court construes this motion as one for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

Here, Plaintiff seeks an order compelling the warden of HDSP to provide Plaintiff with access to the law library or other materials.  However, the warden of HDSP is not a party to this action.  Thus, the Court has no personal jurisdiction over the warden of HDSP.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, filed November 4, 2011, be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 7, 2011**               **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE