1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8  KRZYSZTOF WOLINSKI,                          CASE NO. 1:10-cv-02139-AWI-DLB PC

9                          Plaintiff,           ORDER DIRECTING CLERK OF THE
                                                COURT TO DESIGNATE MOTION AS
10         v.                                   SECOND AMENDED COMPLAINT (DOC.
                                                38)
11  MAURICE JUNIOUS, et al.,
                                                FINDINGS AND RECOMMENDATIONS
12                         Defendants.          RECOMMENDING DISMISSAL OF
                                                CERTAIN CLAIMS AND DEFENDANTS
13                                              (DOC. 38)

14                                              OBJECTIONS, IF ANY, DUE WITHIN
                                                FOURTEEN DAYS
15  _____/

16                                  **Screening Order**

17  **I.     Background**

18         Plaintiff Kryzystof Wolinski ("Plaintiff") is a prisoner in the custody of the California

19  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

20  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this

21  action by filing his complaint on November 9, 2010, in the Sacramento Division of Eastern

22  District of California.  Doc. 1. The case was transferred to the Fresno Division on November 16,

23  2010.  On October 3, 2011, Plaintiff was granted leave to file a second amended complaint.  On

24  December 2, 2011, Plaintiff filed his second amended complaint, labeled as a request to file an

25  amended complaint. [1]

26

27  _____

28         [1] The Clerk of the Court is directed to designate this document as a second amended
complaint.

1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.    Summary Of Second Amended Complaint

Plaintiff was previously incarcerated at North Kern State Prison ("NKSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Warden Maurice Junious, chief deputy warden Steve Trevino, associate warden T. Norton, correctional captain S. T. Ojeda, correctional lieutenants W. A. Rivera, S. Stockton, R. Brewster, and J. Badilla, correctional supervisor officers I. Quintero and T. Swaim, custody officers S. Boardman and A. May, Sr., physician E. Flores, and correctional sergeant M. Carrillo.

Plaintiff alleges the following. Plaintiff entered the reception for NKSP on January 20, 2010. Second Am. Compl. 6:4-5.[2]  On June 8, 2010, Plaintiff was called into the office by

---

[2] Page numbers are from the court docketing. Plaintiff makes several references to the year 2011, which the Court presumes is error.

Defendant Boardman, who stated that because all of his potters had moved, Plaintiff will now sell Defendant Boardman's tobacco and cellphones.  *Id.* at 6:7-10.  Plaintiff declined and reported the incident to Defendant Quintero.  *Id.* at 6:10-11.

On June 9, 2010, Defendant May made a false report in the daily log that he had recovered a one-foot long weapon in Plaintiff's cell during a routine search.  *Id.* at 6:13-16. However, no rules violation was issued because it was a lie.  *Id.* at 6:17-19.  This log was later used as support for Defendant Boardman's allegations against Plaintiff two months later.  *Id.* at 6:19-20.

On June 23, 2010, Defendant Boardman prevented Plaintiff from entering his cell before it was searched.  *Id.* at 6:22-24.  The cell search took thirty minutes, while Plaintiff was ordered to remain in the day room.  *Id.* at 6:24-26.  Defendant Boardman called Defendant Quintero, who ordered Plaintiff to be escorted to the cage.  *Id.* at 7:1-3.  Plaintiff was locked in the cage overnight with no access to medication, bathroom, or water.  *Id.* at 7:5-8.  Plaintiff urinated on himself because he was unable to get up from his wheelchair.  Id.

On June 24, 2010, Plaintiff was pushed to Defendant Ojeda's office, who interviewed Plaintiff for fifteen minutes without giving him his *Miranda* rights.  *Id.* at 7:10-12.  Plaintiff requested assistance with contacting the local district attorney or witnesses but was denied.  *Id.* at 7:14-17.  Plaintiff was later transported to central treatment clinic ("CTC") to receive his medications.  *Id.* at 7:19-21.  While in a waiting room, Defendant Boardman arrived and threw Plaintiff off the wheel chair and assaulted him, causing severe injuries to his head and body.  *Id.* at 7:21-26.

On June 29. 2010, Plaintiff's head was x-rayed, and on June 30, 2010, Plaintiff was urgently transported to the hospital at Vacaville prison for two weeks to receive treatment and recover from injuries.  *Id.* at 7:28-8:7.

On July 12, 2010, Plaintiff returned from the hospital to NKSP, where he was held in a holding room at CTC for two days, naked, without his wheelchair or a mattress.  *Id.* at 8:10-13. On July 14, 2010, Plaintiff was transferred to administrative segregation, where he was seen by Defendant Ojeda.  *Id.* at 8:15-18.  On July 15, 2010, Plaintiff was seen by the prison committee,

which rescheduled the meeting.  On July 30, 2010, Plaintiff was summoned to Defendant W. A. Rivera's office to "complete the false allegations and to fabricate more perjured reports against Plaintiff." *Id.* at 8:27-9:2.  Plaintiff was deprived of due process, such as calling witnesses, presenting a defense, or speedy trial by impartial jury. *Id.* at 9:2-4.  When Plaintiff tried to speak, Defendant T. Swaim slapped him in the face and ordered him to be silent. *Id.* at 9:5-6.  Plaintiff was charged with possession of a weapon. *Id.* at 9:7-9.  Defendant Rivera found Plaintiff guilty. *Id.* at 9:10-14.

On August 9, 2010, Plaintiff appeared before the committee where Defendant T. Norton denied Plaintiff the opportunity to speak and assigned Plaintiff to SHU (security housing unit), because of the finding of guilt. *Id.* at 9:18-22.  On August 19, 2010, Plaintiff was transferred to CSP-Sacramento. *Id.* at 9:24-27.

Plaintiff alleges that Defendant E. Flores denied him proper pain medication from January to August of 2010. *Id.* at 14:9-14.

Plaintiff alleges that Defendant M. Carrillo denied him the right to religion, stole personal property, and suppressed his legal mail. Id. at 5:12-18.

Plaintiff alleges a violation of the 1984 Convention Against Torture, adopted by the United States. First Amendment right to petition the government for redress, Fifth Amendment right to be free from being compelled to testify against oneself, Sixth Amendment right to enjoy speedy trial with an impartial jury, Eighth Amendment right to be from cruel and unusual punishment, including the denial of adequate medical care, assault and battery, and negligence. Plaintiff requests declaratory relief, a preliminary and permanent injunction for a new hearing regarding the charge of possession of a weapon, transfer to a prison with a law library accessible to wheelchairs, written apologies, and compensatory and punitive damages.

III.    **Analysis**

A.    **First Amendment**

To the extent Plaintiff attempts to impose liability on the numerous Defendants involved in the inmate appeals  process, he cannot do so if the liability is based solely on their involvement. The existence of an inmate appeals process does not create a protected liberty

4

1    interest upon which Plaintiff may base a claim that he was denied a particular result or that the

2    appeals process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v.*

3    *Adams*, 855 F.2d 639, 640 (9th Cir. 1988). There must be personal involvement in the alleged

4    deprivation of rights. *Iqbal*, 129 S.Ct. at 1949.

5    Plaintiff alleges that Defendant May retaliated against Plaintiff by making a false

6    allegation against him regarding a weapon. Allegations of retaliation against a prisoner's First

7    Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v.*

8    *Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135

9    (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context,

10   a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a

11   state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

12   conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

13   (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*,

14   408 F.3d 559, 567-68 (9th Cir. 2005); *see Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir.

15   2012) (citing *Rhodes* regarding elements of retaliation in prison context). Plaintiff fails to link

16   Defendant May to any claim. Plaintiff alleges that Defendant May's allegations resulted in a

17   false RVR for retaliation. However, Plaintiff fails to allege facts demonstrating that he was

18   engaging in protected First Amendment conduct.

19       **B.     Fifth Amendment**

20   Plaintiff contends a violation of the Fifth Amendment with regards to self-incrimination.

21   The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to

22   be a witness against himself." U.S. Const., Amdt. 5. The Fifth Amendment "can be asserted in

23   any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it

24   protects against any disclosures which the witness reasonably believes could be used in a

25   criminal or could lead to other evidence that might be so used." *United States v. Bodwell*, 66 F.3d

26   1000, 1001 (9th Cir. 1995) (quotations omitted). There are no allegations which indicate that his

27   right against self-incrimination were implicated, or that his statements were used against him in a

28   criminal proceeding. Though Plaintiff alleges that the charges against him were referred to the

5

1  district attorney, mere referral to the district attorney is insufficient to demonstrate that a criminal

2  prosecution occurred.

3      Plaintiff also contends that he was never given his *Miranda* rights.  "In *Miranda v.*

4  *Arizona*, 384 U.S. 436 (1966), the [United States Supreme] Court adopted a set of prophylactic

5  measures to protect a suspect's Fifth Amendment right from the inherently compelling pressures

6  of custodial interrogation."  *Maryland v. Shatzer*, 130 S. Ct. 1213, 1219 (2010).  However, a

7  disciplinary proceeding in prison is not a criminal proceeding, *Wolff v. McDonnell*, 418 U.S. 539,

8  556 (1974), and prisoners do not have a right to either retained or appointed counsel in

9  disciplinary hearings, *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).  Being questioned while

10  in custody does not necessarily implicate a custodial situation for purposes of *Miranda*.  *Howes*

11  *v. Fields*, 132 S. Ct. 1181, 1187 (2011).  Accordingly, Plaintiff fails to state a Fifth Amendment

12  claim.

13      **C.    Sixth Amendment**

14      The Sixth Amendment applies only to criminal prosecutions.  As stated previously, a

15  prison disciplinary proceeding is not a criminal proceeding.  Thus, the Sixth Amendment is

16  inapplicable.

17      **D.    Eighth Amendment - Medical Care**

18      The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does

19  not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and

20  citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an

21  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

22  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

23  indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

24  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate

25  indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

26  must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.*

27  *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]

28  an excessive risk to inmate health or safety . . . ." *Id.* at 837.

1    "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under

2    this standard, the prison official must not only 'be aware of the facts from which the inference

3    could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

4    inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have

5    been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

6    matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,

7    1188 (9th Cir. 2002)).

8         Here, Plaintiff fails to state a claim against Defendant E. Flores.  Plaintiff alleges that

9    Defendant E. Flores denied him proper pain medication from January to August of 2010.  Pl.'s

10   Second Am. Compl. 14:9-14.  However, Plaintiff has failed to allege facts which demonstrate

11   that Defendant Flores was aware of a serious medical need and disregarded it.[3]

12        **E.    Eighth Amendment - Excessive Force**

13        "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

14   Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson*,

15   503 U.S. at 8.  "The objective component of an Eighth Amendment claim is . . . contextual and

16   responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations

17   omitted).  The malicious and sadistic use of force to cause harm always violates contemporary

18   standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also*

19   *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard

20   examines *de minimis* uses of force, not *de minimis* injuries)).  However, not "every malevolent

21   touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.  "The

22   Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from

23   constitutional recognition *de minimis* uses of physical force, provided that the use of force is not

24   of a sort 'repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations marks and

25   citations omitted).

26

27   ──────────────

28        [3]The Court notes that Plaintiff's claims against Defendant Flores are unrelated to his
     claims against all other Defendants.

1    "[W]henever prison officials stand accused of using excessive physical force in violation

2    of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was

3    applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

4    cause harm." *Id.* at 7.  "In determining whether the use of force was wanton and unnecessary, it

5    may also be proper to evaluate the need for application of force, the relationship between that

6    need and the amount of force used, the threat reasonably perceived by the responsible officials,

7    and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation

8    marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth

9    Amendment inquiry, but does not end it." *Id.*

10       Here, Plaintiff states a cognizable claim for relief against Defendants T. Swaim and S.

11   Boardman for excessive force in violation of the Eighth Amendment.  Defendant T. Swaim

12   allegedly slapped Plaintiff in the face on July 30, 2010, and Defendant S. Boardman allegedly

13   assaulted Plaintiff on June 24, 2010.

14       **F.    Due Process - Disciplinary Hearings**

15       Plaintiff appears to allege that he was improperly convicted and sentenced to a SHU term.

16   The Due Process Clause protects prisoners from being deprived of liberty without due process of

17   law.  *Wolff*, 418 U.S. at 556.  In order to state a cause of action for deprivation of due process, a

18   plaintiff must first establish the existence of a liberty interest for which the protection is sought.

19   "States may under certain circumstances create liberty interests which are protected by the Due

20   Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  Liberty interests created by

21   state law are generally limited to freedom from restraint which "imposes atypical and significant

22   hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at

23   484.  The Court will assume that Plaintiff suffered an atypical and significant hardship in relation

24   to the ordinary incidents of prison life by receiving a SHU term.

25       "Prison disciplinary proceedings are not part of a criminal prosecution, and the full

26   panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556.

27   With respect to prison disciplinary proceedings, the minimum procedural requirements that must

28   be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner

8

receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71.

Plaintiff states a cognizable claim against Defendant Rivera for being found guilty of a RVR which resulted in a SHU term. Plaintiff alleges that Defendant Rivera denied him the right to call witnesses or present a defense.

Plaintiff names Defendant T. Norton as a Defendant for assigning Plaintiff to SHU after he was found guilty of a rules violation. Pl.'s Second Am. Compl. 9:18-22. This does not state a claim. Based on the allegations, Defendant Norton acted to transfer Plaintiff to SHU because of a finding of guilt. There are no allegations which indicate that he acted in violation of due process.

Plaintiff names Defendants Oejeda, Stockton, Brewster, and Badilla as liable for denying Plaintiff his rights during the disciplinary proceeding. Pl.'s Second Am. Compl. 13:16-19. Plaintiff fails to state a claim. Plaintiff's allegations against these Defendants amounts at most to legal conclusions, which fails to state a claim. *Iqbal*, 129 S. Ct. at 1949.

## G. Access To The Courts And Denial Of Property

Plaintiff alleges a deprivation of property which resulted in Plaintiff missing a court deadline. Plaintiff refers to the Fifth Amendment, however this action proceeds against state officials. Thus the claim would be pursuant to the Due Process Clause of the Fourteenth Amendment, and the First Amendment right to petition the government for redress.

Inmates have a fundamental right of access to the courts. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). The right of individuals to pursue legal redress for claims that have a reasonably basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id.* at 1103 (citing *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004)). Inmates have a right to litigate in the courts without active

interference by prison officials.  *Id.*

Plaintiff fails to state a claim for denial of access to the courts.  There are no allegations which demonstrate that Plaintiff suffered an actual injury or that prison officials actively interfered with his access rights.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff*, 418 U.S. at 556, and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.  California provides such a remedy.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam). Plaintiff alleges no facts regarding due process and deprivation of property.  Legal conclusions are insufficient to support a claim.  *Iqbal*, 129 S. Ct. at 1949.

## H.   Convention Against Torture

Plaintiff contends that Defendant Flores violated the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").  The CAT was ratified in 1990.  *Akhtar v. Reno*, 123 F. Supp. 2d 191, 196 (S.D. N.Y. 2000) .

A treaty ratified by the Senate can only be enforced in the courts if it is self-executing and creates private rights and remedies.  *Cornejo v. County of San Diego*, 504 F.2d 853, 856-57 (9th Cir. 2007); *Dreyfus v. Von Finck*, 534 F.2d 24, 29-30 (2d Cir. 1976). The CAT does not give rise to a private right of action because it is not self-executing.  *Akhtar*, 123 F. Supp. 2d at 196 (holding that because the CAT is not self-executing, its terms do not give rise to a private cause of action); *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1149 (E.D. Cal. 1999); *see Rotar v. Placer County Superior Court*, 2007 U.S. Dist. LEXIS 28212 (E.D. Cal. 2007).  Plaintiff thus fails to state a claim for violation of CAT.

## I.    Linkage And Supervisory Liability

Many of Plaintiff's claims suffer from a failure to link a defendant to specific conduct that allegedly violated Plaintiff's constitutional rights.  To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff names Defendant Junious as a Defendant because he is the warden and legally responsible for the welfare of all inmates at NKSP.  Pl.'s Second Am. Compl. 3:4-10.  Plaintiff's allegations against him are based solely on his supervisory role.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  *Id.*  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff's allegations Defendant Junious amount at most to *respondeat superior* liability, which fails to state a § 1983 claim.  Plaintiff's allegations against S. Trevino and I. Quintero likewise fails to state a claim.  Plaintiff alleges no facts which link any of the Defendants to personal liability.

Plaintiff fails to state a claim against Defendant M. Carrillo.  Plaintiff's allegations are legal conclusions, which fails to support a claim.  *Iqbal*, 129 S. Ct. at 1949.

## J.    State Law Claims

Plaintiff alleges assault and battery and negligence.  In order to state a cognizable state law claim against state actors, plaintiffs must plead compliance with California's Torts Claims

1   Act. *California v. Super. Ct. (Bodde)*, 32 Cal.4th 1234, 1245, 13 Cal. Rptr. 3d 534, 90 P.3d 116

2   (2004); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff fails to

3   allege such compliance.  Plaintiff thus fails to state a claim.

4   **IV.      Conclusion And Recommendation**

5          Plaintiff states a claim against Defendants S. Boardman and T. Swaim for excessive force

6   in violation of the Eighth Amendment, and against Defendant W. A. Rivera for violation of the

7   Due Process Clause of the Fourteenth Amendment.  Plaintiff fails to state any other claim against

8   any other Defendants.  Plaintiff was previously provided the opportunity to amend his complaint.

9   No further leave will be granted.

10         Accordingly, based on the foregoing, it is HEREBY RECOMMEND that:

11     1.      This action proceed against Defendants S. Boardman and T. Swaim for excessive

12             force in violation of the Eighth Amendment, and against Defendant W. A. Rivera

13             for violation of the Due Process Clause of the Fourteenth Amendment; and

14     2.      Defendants Maurice Junious, Steve Trevino, T. Norton, S. T. Ojeda, S. Stockton,

15             R. Brewster, J. Badilla, I. Quintero, A. May, Sr., E. Flores, and M. Carrillo be

16             dismissed from this action with prejudice for failure to state a claim upon which

17             relief may be granted under 42 U.S.C. § 1983.

18         These Findings and Recommendations will be submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen**

20   **(14) days** after being served with these Findings and Recommendations, Plaintiff may file

21   written objections with the Court.  The document should be captioned "Objections to Magistrate

22   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

23   within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*

24   *Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

25         IT IS SO ORDERED.

26   **Dated:   May 9, 2012**              _____/s/ **Dennis L. Beck**_____
                                           UNITED STATES MAGISTRATE JUDGE

27

28