# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF WOLINSKI,<br><br>        Plaintiff,<br><br>    v.<br><br>MAURICE JUNIOUS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-cv-02139-AWI-DLB PC<br><br>ORDER DIRECTING CLERK OF THE COURT TO DESIGNATE MOTION AS SECOND AMENDED COMPLAINT (DOC. 38)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS (DOC. 38)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**Screening Order**

**I.  Background**

Plaintiff Kryzystof Wolinski ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on November 9, 2010, in the Sacramento Division of Eastern District of California. Doc. 1. The case was transferred to the Fresno Division on November 16, 2010. On October 3, 2011, Plaintiff was granted leave to file a second amended complaint. On December 2, 2011, Plaintiff filed his second amended complaint, labeled as a request to file an amended complaint.[1]

---

[1] The Clerk of the Court is directed to designate this document as a second amended complaint.

1

1    The Court is required to screen complaints brought by prisoners seeking relief against a
2 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
4 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
5 that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.
6 § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been
7 paid, the court shall dismiss the case at any time if the court determines that . . . the action or
8 appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
9 1915(e)(2)(B)(ii).
10    A complaint must contain "a short and plain statement of the claim showing that the
11 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
12 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
13 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
14 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual
15 matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,
16 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

17 **II.    Summary Of Second Amended Complaint**

18    Plaintiff was previously incarcerated at North Kern State Prison ("NKSP") in Delano,
19 California, where the events giving rise to this action occurred. Plaintiff names as Defendants:
20 Warden Maurice Junious, chief deputy warden Steve Trevino, associate warden T. Norton,
21 correctional captain S. T. Ojeda, correctional lieutenants W. A. Rivera, S. Stockton, R. Brewster,
22 and J. Badilla, correctional supervisor officers I. Quintero and T. Swaim, custody officers S.
23 Boardman and A. May, Sr., physician E. Flores, and correctional sergeant M. Carrillo.

24    Plaintiff alleges the following. Plaintiff entered the reception for NKSP on January 20,
25 2010. Second Am. Compl. 6:4-5.[2] On June 8, 2010, Plaintiff was called into the office by

---

28    [2] Page numbers are from the court docketing. Plaintiff makes several references to the year 2011, which the Court presumes is error.

2

Defendant Boardman, who stated that because all of his potters had moved, Plaintiff will now sell Defendant Boardman's tobacco and cellphones. *Id.* at 6:7-10. Plaintiff declined and reported the incident to Defendant Quintero. *Id.* at 6:10-11.

On June 9, 2010, Defendant May made a false report in the daily log that he had recovered a one-foot long weapon in Plaintiff's cell during a routine search. *Id.* at 6:13-16. However, no rules violation was issued because it was a lie. *Id.* at 6:17-19. This log was later used as support for Defendant Boardman's allegations against Plaintiff two months later. *Id.* at 6:19-20.

On June 23, 2010, Defendant Boardman prevented Plaintiff from entering his cell before it was searched. *Id.* at 6:22-24. The cell search took thirty minutes, while Plaintiff was ordered to remain in the day room. *Id.* at 6:24-26. Defendant Boardman called Defendant Quintero, who ordered Plaintiff to be escorted to the cage. *Id.* at 7:1-3. Plaintiff was locked in the cage overnight with no access to medication, bathroom, or water. *Id.* at 7:5-8. Plaintiff urinated on himself because he was unable to get up from his wheelchair. Id.

On June 24, 2010, Plaintiff was pushed to Defendant Ojeda's office, who interviewed Plaintiff for fifteen minutes without giving him his *Miranda* rights. *Id.* at 7:10-12. Plaintiff requested assistance with contacting the local district attorney or witnesses but was denied. *Id.* at 7:14-17. Plaintiff was later transported to central treatment clinic ("CTC") to receive his medications. *Id.* at 7:19-21. While in a waiting room, Defendant Boardman arrived and threw Plaintiff off the wheel chair and assaulted him, causing severe injuries to his head and body. *Id.* at 7:21-26.

On June 29. 2010, Plaintiff's head was x-rayed, and on June 30, 2010, Plaintiff was urgently transported to the hospital at Vacaville prison for two weeks to receive treatment and recover from injuries. *Id.* at 7:28-8:7.

On July 12, 2010, Plaintiff returned from the hospital to NKSP, where he was held in a holding room at CTC for two days, naked, without his wheelchair or a mattress. *Id.* at 8:10-13. On July 14, 2010, Plaintiff was transferred to administrative segregation, where he was seen by Defendant Ojeda. *Id.* at 8:15-18. On July 15, 2010, Plaintiff was seen by the prison committee,

3

1  which rescheduled the meeting.  On July 30, 2010, Plaintiff was summoned to Defendant W. A.
2  Rivera's office to "complete the false allegations and to fabricate more perjured reports against
3  Plaintiff." *Id.* at 8:27-9:2.  Plaintiff was deprived of due process, such as calling witnesses,
4  presenting a defense, or speedy trial by impartial jury. *Id.* at 9:2-4.  When Plaintiff tried to speak,
5  Defendant T. Swaim slapped him in the face and ordered him to be silent. *Id.* at 9:5-6.  Plaintiff
6  was charged with possession of a weapon. *Id.* at 9:7-9.  Defendant Rivera found Plaintiff guilty.
7  *Id.* at 9:10-14.

8  On August 9, 2010, Plaintiff appeared before the committee where Defendant T. Norton
9  denied Plaintiff the opportunity to speak and assigned Plaintiff to SHU (security housing unit),
10 because of the finding of guilt. *Id.* at 9:18-22.  On August 19, 2010, Plaintiff was transferred to
11 CSP-Sacramento. *Id.* at 9:24-27.

12 Plaintiff alleges that Defendant E. Flores denied him proper pain medication from
13 January to August of 2010. *Id.* at 14:9-14.

14 Plaintiff alleges that Defendant M. Carrillo denied him the right to religion, stole personal
15 property, and suppressed his legal mail. Id. at 5:12-18.

16 Plaintiff alleges a violation of the 1984 Convention Against Torture, adopted by the
17 United States. First Amendment right to petition the government for redress, Fifth Amendment
18 right to be free from being compelled to testify against oneself, Sixth Amendment right to enjoy
19 speedy trial with an impartial jury, Eighth Amendment right to be from cruel and unusual
20 punishment, including the denial of adequate medical care, assault and battery, and negligence.
21 Plaintiff requests declaratory relief, a preliminary and permanent injunction for a new hearing
22 regarding the charge of possession of a weapon, transfer to a prison with a law library accessible
23 to wheelchairs, written apologies, and compensatory and punitive damages.

24 **III.    Analysis**

25     **A.    First Amendment**

26 To the extent Plaintiff attempts to impose liability on the numerous Defendants involved
27 in the inmate appeals  process, he cannot do so if the liability is based solely on their
28 involvement. The existence of an inmate appeals process does not create a protected liberty

4

interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). There must be personal involvement in the alleged deprivation of rights. *Iqbal*, 129 S.Ct. at 1949.

Plaintiff alleges that Defendant May retaliated against Plaintiff by making a false allegation against him regarding a weapon. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Rhodes* regarding elements of retaliation in prison context). Plaintiff fails to link Defendant May to any claim. Plaintiff alleges that Defendant May's allegations resulted in a false RVR for retaliation. However, Plaintiff fails to allege facts demonstrating that he was engaging in protected First Amendment conduct.

### B.   Fifth Amendment

Plaintiff contends a violation of the Fifth Amendment with regards to self-incrimination. The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const., Amdt. 5. The Fifth Amendment "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal or could lead to other evidence that might be so used." *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995) (quotations omitted). There are no allegations which indicate that his right against self-incrimination were implicated, or that his statements were used against him in a criminal proceeding. Though Plaintiff alleges that the charges against him were referred to the

5

district attorney, mere referral to the district attorney is insufficient to demonstrate that a criminal prosecution occurred.

Plaintiff also contends that he was never given his *Miranda* rights. "In *Miranda v. Arizona*, 384 U.S. 436 (1966), the [United States Supreme] Court adopted a set of prophylactic measures to protect a suspect's Fifth Amendment right from the inherently compelling pressures of custodial interrogation." *Maryland v. Shatzer*, 130 S. Ct. 1213, 1219 (2010). However, a disciplinary proceeding in prison is not a criminal proceeding, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners do not have a right to either retained or appointed counsel in disciplinary hearings, *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976). Being questioned while in custody does not necessarily implicate a custodial situation for purposes of *Miranda*. *Howes v. Fields*, 132 S. Ct. 1181, 1187 (2011). Accordingly, Plaintiff fails to state a Fifth Amendment claim.

**C.      Sixth Amendment**

The Sixth Amendment applies only to criminal prosecutions. As stated previously, a prison disciplinary proceeding is not a criminal proceeding. Thus, the Sixth Amendment is inapplicable.

**D.      Eighth Amendment - Medical Care**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, Plaintiff fails to state a claim against Defendant E. Flores. Plaintiff alleges that Defendant E. Flores denied him proper pain medication from January to August of 2010. Pl.'s Second Am. Compl. 14:9-14. However, Plaintiff has failed to allege facts which demonstrate that Defendant Flores was aware of a serious medical need and disregarded it.[3]

**E.    Eighth Amendment - Excessive Force**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson*, 503 U.S. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (internal quotations marks and citations omitted).

---

[3]The Court notes that Plaintiff's claims against Defendant Flores are unrelated to his claims against all other Defendants.

7

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.*

Here, Plaintiff states a cognizable claim for relief against Defendants T. Swaim and S. Boardman for excessive force in violation of the Eighth Amendment. Defendant T. Swaim allegedly slapped Plaintiff in the face on July 30, 2010, and Defendant S. Boardman allegedly assaulted Plaintiff on June 24, 2010.

**F.     Due Process - Disciplinary Hearings**

Plaintiff appears to allege that he was improperly convicted and sentenced to a SHU term. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff*, 418 U.S. at 556. In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The Court will assume that Plaintiff suffered an atypical and significant hardship in relation to the ordinary incidents of prison life by receiving a SHU term.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner

8

receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71.

Plaintiff states a cognizable claim against Defendant Rivera for being found guilty of a RVR which resulted in a SHU term. Plaintiff alleges that Defendant Rivera denied him the right to call witnesses or present a defense.

Plaintiff names Defendant T. Norton as a Defendant for assigning Plaintiff to SHU after he was found guilty of a rules violation. Pl.'s Second Am. Compl. 9:18-22. This does not state a claim. Based on the allegations, Defendant Norton acted to transfer Plaintiff to SHU because of a finding of guilt. There are no allegations which indicate that he acted in violation of due process.

Plaintiff names Defendants Oejeda, Stockton, Brewster, and Badilla as liable for denying Plaintiff his rights during the disciplinary proceeding. Pl.'s Second Am. Compl. 13:16-19. Plaintiff fails to state a claim. Plaintiff's allegations against these Defendants amounts at most to legal conclusions, which fails to state a claim. *Iqbal*, 129 S. Ct. at 1949.

**G.     Access To The Courts And Denial Of Property**

Plaintiff alleges a deprivation of property which resulted in Plaintiff missing a court deadline. Plaintiff refers to the Fifth Amendment, however this action proceeds against state officials. Thus the claim would be pursuant to the Due Process Clause of the Fourteenth Amendment, and the First Amendment right to petition the government for redress.

Inmates have a fundamental right of access to the courts. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). The right of individuals to pursue legal redress for claims that have a reasonably basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id.* at 1103 (citing *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004)). Inmates have a right to litigate in the courts without active

9

interference by prison officials. *Id.*

Plaintiff fails to state a claim for denial of access to the courts. There are no allegations which demonstrate that Plaintiff suffered an actual injury or that prison officials actively interfered with his access rights.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff*, 418 U.S. at 556, and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam). Plaintiff alleges no facts regarding due process and deprivation of property. Legal conclusions are insufficient to support a claim. *Iqbal*, 129 S. Ct. at 1949.

**H.   Convention Against Torture**

Plaintiff contends that Defendant Flores violated the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). The CAT was ratified in 1990. *Akhtar v. Reno*, 123 F. Supp. 2d 191, 196 (S.D. N.Y. 2000) .

A treaty ratified by the Senate can only be enforced in the courts if it is self-executing and creates private rights and remedies. *Cornejo v. County of San Diego*, 504 F.2d 853, 856-57 (9th Cir. 2007); *Dreyfus v. Von Finck*, 534 F.2d 24, 29-30 (2d Cir. 1976). The CAT does not give rise to a private right of action because it is not self-executing. *Akhtar*, 123 F. Supp. 2d at 196 (holding that because the CAT is not self-executing, its terms do not give rise to a private cause of action); *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1149 (E.D. Cal. 1999); *see Rotar v. Placer County Superior Court*, 2007 U.S. Dist. LEXIS 28212 (E.D. Cal. 2007). Plaintiff thus fails to state a claim for violation of CAT.

### I.  Linkage And Supervisory Liability

Many of Plaintiff's claims suffer from a failure to link a defendant to specific conduct that allegedly violated Plaintiff's constitutional rights. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff names Defendant Junious as a Defendant because he is the warden and legally responsible for the welfare of all inmates at NKSP. Pl.'s Second Am. Compl. 3:4-10. Plaintiff's allegations against him are based solely on his supervisory role. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's allegations Defendant Junious amount at most to *respondeat superior* liability, which fails to state a § 1983 claim. Plaintiff's allegations against S. Trevino and I. Quintero likewise fails to state a claim. Plaintiff alleges no facts which link any of the Defendants to personal liability.

Plaintiff fails to state a claim against Defendant M. Carrillo. Plaintiff's allegations are legal conclusions, which fails to support a claim. *Iqbal*, 129 S. Ct. at 1949.

### J.  State Law Claims

Plaintiff alleges assault and battery and negligence. In order to state a cognizable state law claim against state actors, plaintiffs must plead compliance with California's Torts Claims

Act. *California v. Super. Ct. (Bodde)*, 32 Cal.4th 1234, 1245, 13 Cal. Rptr. 3d 534, 90 P.3d 116 (2004); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff fails to allege such compliance. Plaintiff thus fails to state a claim.

IV. **Conclusion And Recommendation**

Plaintiff states a claim against Defendants S. Boardman and T. Swaim for excessive force in violation of the Eighth Amendment, and against Defendant W. A. Rivera for violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff fails to state any other claim against any other Defendants. Plaintiff was previously provided the opportunity to amend his complaint. No further leave will be granted.

Accordingly, based on the foregoing, it is HEREBY RECOMMEND that:

1. This action proceed against Defendants S. Boardman and T. Swaim for excessive force in violation of the Eighth Amendment, and against Defendant W. A. Rivera for violation of the Due Process Clause of the Fourteenth Amendment; and

2. Defendants Maurice Junious, Steve Trevino, T. Norton, S. T. Ojeda, S. Stockton, R. Brewster, J. Badilla, I. Quintero, A. May, Sr., E. Flores, and M. Carrillo be dismissed from this action with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 9, 2012**           /s/ **Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE