# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF WOLINSKI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. BOARDMAN, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-02139-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR COURT ORDER BE DENIED**<br><br>ECF No. 59<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

　　　　Plaintiff Krzysztof F. Wolinski ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants S. Boardman and T. Swaim for excessive force in violation of the Eighth Amendment, and against Defendant W. A. Rivera for violation of the Due Process Clause of the Fourteenth Amendment. Pending before the Court is Plaintiff's motion for a court order directing the Warden of High Desert State Prison to provide Plaintiff with access to the law library and his legal papers. ECF No. 59. The Court construes the motion as one for preliminary injunction.

　　　　"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the

resolution of the underlying claim.  *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 471 (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Lyons,* 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985); Fed. R. Civ. P. 65(d).

Plaintiff seeks injunctive relief from the warden at High Desert State Prison, where Plaintiff is currently incarcerated.  However, the warden of High Desert State Prison is not a party to this action, and the Court lacks jurisdiction over him.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunctive relief, filed September 24, 2012, should be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 15, 2012**             /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE